UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
MICHAEL GOLDBLATT,                  :
                                    :
           Petitioner,              :   Civ. No. 20-19987 (NLH)
                                    :
     v.                             :   OPINION
                                    :
DAVID E. ORTIZ,                     :
                                    :
           Respondent.              :
_____:

APPEARANCES:

Michael Goldblatt
71046-050
FCI Bennettsville
Federal Correctional Institution
P.O. Box 52020
Bennettsville, SC 29512

     Petitioner Pro se


Philip R. Sellinger, United States Attorney
Peter Gregory Vizcarrondo, Assistant United States Attorney
Office Of the U.S. Attorney
District Of New Jersey
401 Market Street, 4th Floor
Camden, NJ 08101

     Attorneys for Respondent

HILLMAN, District Judge

     Petitioner Michael Goldblatt pled guilty in the United States District Court for the District of New Jersey to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1), and possession of marijuana with intent to distribute, 21 §§ 841(a)(1), (b)(1)(D).  Judgment of Conviction,

United States v. Goldblatt, No. 2:18-cr-00345, (D.N.J. Oct. 16, 2018) (ECF No. 30). The Honorable Susan D. Wigenton, D.N.J., sentenced Petitioner to 60 months followed by a three-year term of supervised release. Id.

On December 21, 2020, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging the Bureau of Prisons' ("BOP") refusal to apply earned time credits to his sentence under the First Step Act of 2018 ("FSA"). ECF No. 1. The United States opposed the petition. ECF No. 8. At the time, the BOP calculated Petitioner's projected release date to be November 19, 2022. ECF No. 8-4 at 7.

On January 13, 2022, the BOP finalized a new rule codifying the BOP's procedures regarding the earning and application of time credits under the FSA. FSA Time Credits, 87 FR 2705-01, codified at 28 C.F.R. § 523.40 et. seq. The Court ordered the United States to submit a supplemental brief with the effect this new rule had on Petitioner's claim, if any. ECF No. 14. Respondent filed its supplement on May 2, 2022, which included a declaration from BOP Senior Attorney Advisor Cyntrena Cross-Peart. Declaration of Cyntrena Cross-Peart ("Cross-Peart Dec."), ECF No. 16-1.

"The First Step Act of 2018 (FSA) provides eligible inmates the opportunity to earn 10 or 15 days of time credits for every 30 days of successful participation in Evidence Based Recidivism

2

Reduction Programs (EBRR programs) and Productive Activities (PAs)."  Id. ¶ 3 (footnotes omitted).  "The earned credits, known as First Step Act Time Credits (FSA TCs), can be applied toward prerelease custody (i.e. transfer to a Residential Reentry Center (RRC) or home confinement for service of a portion of the inmate's sentence) or early transfer to supervised release (i.e., early satisfaction of the inmate's term of imprisonment) . . . ."  Id. ¶ 5 (citing 18 U.S.C. §§ 3624(g), 3632(d)(4)(C)).  "[U]nder the final rule, inmates will be assigned to EBRR programs and PAs based on an individualized risk and needs assessment.  An eligible inmate may earn FSA TCs for programming and activities in which he or she participated from December 21, 2018 until January 14, 2020."  Id. ¶ 15 (citing 28 C.F.R. §§ 523.40(b), 523.42(b)).

On January 11, 2022, the BOP awarded eligible inmates FSA credit "retroactively to the date of enactment of the FSA, December 21, 2018."  Id. ¶ 17.  "This retroactivity means that, on January 11, 2022, BOP staff immediately began the process of either advancing the RRC or home confinement date or preparing the RRC or home confinement referrals for certain eligible prisoners."  Id.  The BOP recalculated Petitioner's credits as part of the implementation process, and "[a]s a result, Goldblatt is no longer in BOP custody but is serving his term of supervised release" as of April 22, 2022.  ECF No. 16 at 1.  See

3

also ECF No. 16-2; Inmate Locator, available at https://www.bop.gov/inmateloc/# (last visited May 17, 2022). The United States asks the Court to dismiss the § 2241 petition as moot. ECF No. 16 at 2.

Petitioner has received the relief he requested from the Court: the application of FSA credits and recalculation of his sentence. The Court cannot grant him further relief under § 2241 because the supervised release statute, 18 U.S.C. § 3624, does not permit a court to credit a supervised release term with a period of excess prison time. United States v. Johnson, 529 U.S. 53 (2000). Accord DeFoy v. McCullough, 393 F.3d 439, 442 n.3 (3d Cir. 2005) ("[T]he length of a term of supervised release cannot be reduced 'by reason of excess time served in prison.'" (quoting Johnson)). Accordingly, the § 2241 petition is moot and will be dismissed.

An appropriate order will be entered.

Dated: May 24, 2022       s/ Noel L. Hillman
At Camden, New Jersey      NOEL L. HILLMAN, U.S.D.J.